IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-78-BO
No. 5:12-CV-313-BO

| | | |
|---|---|---|
| JOSEPH A. HINTON | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Hinton, contends that he should be resentenced in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Hinton's motion to vacate, and Mr. Hinton has failed to respond to the motion to dismiss.

## BACKGROUND

Mr. Hinton was sentenced by this Court on August 26, 2008, to a total term of 120 months' imprisonment following his plea of guilty to charges of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Mr. Hinton did not file a direct appeal. Mr. Hinton filed the instant § 2255 motion with the Court on July 16, 2012.

## DISCUSSION

In its motion to dismiss, the government contends, *inter alia*, that Mr. Hinton's motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four

triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Mr. Hinton's petition was filed well-beyond one year from the date his judgment became final, and is therefore untimely under § 2255(f)(1). *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (date conviction becomes final for defendant who does not file a direct appeal is the date the district court entered judgment). Mr. Hinton's motion is also untimely under § 2255(f)(3), as the rule announced in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), upon which the *Simmons* court and therefore Mr. Hinton's § 2255 petition must rely to be deemed timely, is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012).

Nor is Mr. Hinton's petition timely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. Hinton has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4).

2

As the Court is unaware of any other basis upon which to find the petition timely under the remaining provision of § 2255(f),[1] the Court holds that Mr. Hinton's petition is untimely. Additionally, there is no basis upon which to find that equitable tolling of the statute of limitations is appropriate. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order for equitable tolling to apply, Mr. Hinton must present extraordinary circumstances beyond his control that prevented him from filing his petition within the applicable time period, *id.*, and a gross injustice must result from the Court's refusal to allow the tolling of the statute of limitations period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Because, as discussed below, Mr. Hinton would not be entitled to relief on the instant petition, the Court finds that equitable tolling should not apply.

Mr. Hinton claims first that his classification as a career offender pursuant to U.S.S.G. § 4B1.1 is no longer valid in light of *Simmons*. Generally, errors in the application of the sentencing guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances, *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999), and, because career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri-Rosendo* to obtain relief under 28 U.S.C. § 2255. *Powell*, 691 F.3d, at 563 n.2 (King, J., dissenting in part and concurring in the judgment in part). Mr. Hinton also claims that his classification as an armed career criminal (ACC) pursuant to 18 U.S.C. § 924(e) is no longer valid in light of *Simmons*. As noted by the government, however, Mr. Hinton received a sentence of 120 months – the statutory maximum for a non-ACC sentence on his felon-in-possession

---

[1] Mr. Hinton does not contend and the Court does not find that the government imposed any impediment that prevented him from filing his petition. 28 U.S.C. § 2255(f)(2).

3

charge. Thus, Mr. Hinton would not have a meritorious claim even if his petition were deemed timely and *Simmons* was applied to invalidate his ACC status as he was not sentenced in excess of the applicable statutory maximum.

Finally, because Mr. Hinton's § 2255 petition is untimely and must be dismissed, the Court need not consider his request for reduction of sentence pursuant to 18 U.S.C. § 3582(c), as such reduction would only be applicable were Mr. Hinton to prevail on his § 2255 claims.[2]

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

---

[2]Mr. Hinton's *pro se* motion included a claim for ineffective assistance of counsel related to his 18 U.S.C. § 3582 request. As the Court has found that it need not reach the merits of his motion for reduction of sentence, and as petitioner through counsel failed to argue such claim in his subsequent memorandum in support of his § 2255 motion, the Court declines to address Mr. Hinton's ineffective assistance claim.

4

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 52] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 46] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this _15_ day of November, 2012.

                                                       TERRENCE W. BOYLE
                                                      UNITED STATES DISTRICT JUDGE